DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Michael.Humphreys@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    3:12-CV-144-RCJ-(VPC) |
| | ) |
| $10,500.00 IN UNITED STATES CURRENCY, | ) |
| | ) |
| Defendant. | ) |

DEFAULT JUDGMENT OF FORFEITURE

The United States filed a verified Complaint for Forfeiture in Rem on April 5, 2012.  ECF

No. 3.  The Complaint (ECF No. 3) alleges the defendant property:

        a.    was furnished or was intended to be furnished in exchange for controlled

substances in violation of Title II of the Controlled Substances Act, 21 U.S.C.

§ 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21

U.S.C. § 881(a)(6);

        b.    is proceeds traceable to exchanges of controlled substances in violation of Title

II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to

forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

. . .

     c.    was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

Pursuant to the Order (ECF No. 5), the Complaint (ECF No. 3), the Order (ECF No. 5), the Summons and Warrant (ECF No. 6), and the Notice of Complaint for Forfeiture (ECF No. 7, p. 3-4, ECF No. 11, p. 4-5, 18-19, and 31-32,  ECF No. 12, p. 6-7 and 20-21), were served on the defendant property and all persons claiming an interest in the defendant property. Notice of Filing Service of Process, ECF Nos.7, 11, and 12.  All persons interested in the defendant property were required to file their claims with the Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. Notice of Filing Service of Process, ECF Nos 7, 11, and 12.

On April 24, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 5) and issued the Summons and Warrant of Arrest in Rem (ECF No. 6).

On April 24, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 7, p. 2-14.

On August 14, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Tarik Singh Soodan, 212 West Washington Street, Apt 1606, Chicago, Illinois, by regular mail and certified mail. Notice of Filing Service of Process, ECF No. 11, p. 2-29.

On September 12, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Scott N. Freeman, Attorney for Tarik Singh Soodan at Law Offices of Freeman & Riggs, 905 Plumas Street, Reno, Nevada, by personal, in-hand service. Notice of Filing Service of Process, ECF No. 11, p. 30-42.

. . .

On January 3, 2013, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Kehar Soodan, 6101 N. Sheridan Road, Chicago, IL 60660-2870, by regular mail and certified mail. Notice of Filing Service of Process, ECF No. 12, p. 3-31.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from April 27, 2012, through May 26, 2012. Notice of Filing Proof of Publication, ECF No. 9, p. 2-4.

On May 14, 2012, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Tarik Singh Soodan, and Order (ECF No. 8), regarding the $10,500.00 in United States Currency. Tarik Singh Soodan waived, among other things, service of process.

On August 21, 2012, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Tarik Singh Soodan, and Order (ECF No. 10).

No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

Tarik Singh Soodan is not in the military service within the purview of the Servicemembers Civil Relief Act.   Exhibit 1.

The government could not determine if Kehar Soodan is in the military service within the purview of the Servicemembers Civil Relief Act. A birth date or Social Security number is required to check a person's military status. Despite multiple investigative efforts, Kehar Soodan's birth date and Social Security number could not be found. Exhibit 2.

On April 23, 2013, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Request for Entry of Default, ECF No. 13.

On April 24, 2013, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action. Default, ECF No. 14.

3

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against: (1) the $10,500.00 in United States Currency; (2) Tarik Singh Soodan; (3) Kehar Soodan, and (4) and all persons or entities who claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2013

4